IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PIONEER ASSET INVESTMENT LIMITED, | ) ) ) | CIVIL NO. 15-00387 ACK-KSC |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION |
| vs. | ) ) ) | TO REMAND ACTION REMOVED FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT, STATE OF |
| ARLIE & COMPANY; CV HOLDINGS LLC; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE GOVERNMENTAL UNITS 1-50, | ) ) ) ) ) ) ) | HAWAII |
| Defendants. | ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION TO REMAND ACTION REMOVED FROM THE
CIRCUIT COURT OF THE THIRD CIRCUIT, STATE OF HAWAII

Before the Court is Plaintiff Pioneer Asset
Investment Limited's ("Plaintiff") Motion to Remand
Action Removed From the Circuit Court of the Third
Circuit, State of Hawaii ("Motion"), filed October 21,
2015.  Defendant Arlie & Company ("Arlie") filed an
Opposition on November 20, 2015.  On November 25, 2015,
Plaintiff filed a Reply.

This matter came on for hearing on December 11,
2015.  Randall Schmitt, Esq., Jesse Smith, Esq., and

Kurt Klein, Esq., appeared on behalf of Plaintiff.
Kevin Herring, Esq., and Clara Park, Esq., appeared on
behalf of Arlie.  Defendant CV Holdings LLC ("CV") did
not appear at the hearing and has yet to appear in this
action.  After careful consideration of the parties'
submissions, the applicable law, and the arguments of
counsel, the Court HEREBY FINDS AND RECOMMENDS that
Plaintiff's Motion be GRANTED for the reasons set forth
below.

<u>BACKGROUND</u>

On July 21, 2015, Plaintiff commenced this
foreclosure action against Defendants in the Circuit
Court of the Third Circuit, State of Hawaii.  Arlie and
CV were served on September 9 and 10, 2015,
respectively.

On September 29, 2015, Arlie filed a Notice of
Removal ("Notice").  Arlie removed on the basis of
diversity jurisdiction.  Notice at ¶¶ 6, 7, 10-12.
Included in the Notice was the following averment:
"Upon information and belief, CV Holdings LLC will not
object to removal if or when the Complaint has been

2

properly served upon it." Id. at ¶ 3.

On October 21, 2015, Plaintiff filed the instant Motion.

On October 23, 2015, Arlie filed CV's consent to removal and opposition to remand.

DISCUSSION

Plaintiff moves to remand this action to state court because CV failed to join the action by October 12, 2015, and Arlie failed to explain the absence of CV from its Notice. Arlie counters that its averment of CV's anticipated consent in the Notice was sufficient. Alternatively, Arlie argues that any deficiencies in the Notice's allegations regarding consent were cured by CV's notice of consent pursuant to 28 U.S.C. § 1653.

I.  Removal Was Procedurally Defective

Arlie removed the instant case on the basis of diversity of citizenship. Section 1441 provides, in pertinent part:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

3

removed by the defendant or the
defendants, to the district court of the
United States for the district and
division embracing the place where such
action is pending.

(b) Removal based on diversity of
citizenship.--(1) In determining whether a
civil action is removable on the basis of
the jurisdiction under section 1332(a) of
this title, the citizenship of defendants
sued under fictitious names shall be
disregarded.

(2) A civil action otherwise removable
solely on the basis of the jurisdiction
under section 1332(a) of this title may
not be removed if any of the parties in
interest properly joined and served as
defendants is a citizen of the State in
which such action is brought.

28 U.S.C. § 1441 (a), (b).  Section 1441 is strictly
construed against removal and courts resolve any doubts
about the propriety of removal in favor of remanding
the case to state court.  See Durham v. Lockheed Martin
Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party
seeking to remove the case bears the burden of
establishing the existence of federal jurisdiction.
See California ex rel. Lockyer v. Dynegy, Inc., 375
F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S.
974 (2005).

4

A.   <u>CV Did Not Join in The Removal</u>

One of the requirements for removal is that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A); <u>Proctor v. Vishay Intertechnology Inc.</u>, 584 F.3d 1208, 1224 (9th Cir. 2009) ("In a case involving multiple defendants, '[a]ll defendants must join in a removal petition.'") (citation omitted) (alteration in original).  This rule applies to all defendants properly served and joined in the action, with the exception of nominal, fraudulently joined or unknown defendants.  <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); <u>Abrego Abrego v. Dow Chemical Co.</u>, 443 F.3d 676, 680 (9th Cir. 2006) (citation omitted).  A defendant's failure to join is fatal under § 1446.  <u>See</u> <u>Pressman v. Meridian Mortgage Co.</u>, 334 F. Supp. 2d 1236, 1240-41 (D. Haw. 2004) (citing <u>Hewitt v. City of Stanton</u>, 798 F.2d 1230, 1232-33 (9th Cir. 1986)).

If fewer than all defendants join in removal, the removing party has the burden, under § 1446(a), of

5

affirmatively explaining the absence of the non-joining defendant(s) in the notice for removal. Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999) overruled on other grounds by Abrego, 443 F.3d at 670 (finding the removal notice insufficient where it stated that the defendants believed that many, rather than all, of the non-consenting defendants were not properly served). Insofar as CV was served on September 10, 2015, Arlie was required to obtain CV's consent prior to removing the action, and its failure to do so renders the Notice defective.

Arlie contends that its representation about CV's anticipated consent satisfies the joinder requirement. Arlie relies on Proctor v. Vishay Intertechnology Inc. for the proposition that an averment of consent is alone sufficient because the removing defendant submits such an averment under threat of sanctions pursuant to Federal Rule of Civil Procedure ("FRCP") 11 and the co-defendants have an opportunity to object. In Proctor, the Ninth Circuit held that "the filing of a notice of removal can be

effective without individual consent documents on behalf of each defendant.  One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." <u>Proctor</u>, 584 F.3d at 1225.  The <u>Proctor</u> court reasoned that the availability of FRCP 11 sanctions and the opportunity for the co-defendants to object to an averment of consent in the removal notice "mitigate concerns that one defendant might falsely state the other defendants' consent, or that one defendant might game the system by silently allowing another to remove and, if the federal forum proves disadvantageous, belatedly object that he had not consented." <u>Id.</u>

The facts of this case are distinguishable from <u>Proctor</u>.  The defendant's notice of removal there stated that "[a]ll defendants *consent* to the removal of this action[.]" <u>Id.</u> at 1224 (first alteration in original).  The court found that this was sufficient even though the co-defendant did not file a written notice of joinder until after the 30-day window for

removal.[1]  <u>Id.</u> at 1224.  Arlie's representation in the
Notice is not an affirmation about CV's consent or lack
of objection to removal.  The Court finds disingenuous
Arlie's assertion that the Notice affirmatively and
sufficiently explained CV's position because had Arlie
actually consulted CV, it would not have included the
conditional language that CV will not object "if or
when the Complaint has been properly served upon it."[2]
Communications with CV about whether it consented to
removal would have revealed that it was already served
with the Complaint.  Indeed, Plaintiff served CV
approximately 19 days prior to the filing of the
Notice.

     Arlie also relies on an Eighth Circuit case,
<u>Griffioen v. Cedar Rapids and Iowa City Ry. Co.</u>, 785

---

     [1]  Arlie erroneously argued that the averment alone
was sufficient because the co-defendants never filed
written indications of consent.  Opp'n at 4-5.

     [2]  At the hearing, Arlie mentioned, for the first
time, that it consulted CV.  However, this information
was not included in the Notice or any subsequent
documentation filed within the 30-day period for
removal.

F.3d 1182 (8th Cir. 2015), to support its assertion
that its Notice sufficiently indicated CV's consent to
removal.  In Griffioen, the removing defendant's notice
of removal included a statement that "[u]ndersigned
counsel . . . have contacted attorneys for the other
named co-defendants in this matter, and there is no
objection to removal."  Id. at 1185.  The removing
defendant also filed a local rule certification that
stated:  "The co-defendants have given their consent to
the removal of this action."  Id.  One of the co-
defendants filed a notice of consent to removal within
30 days after the removing defendant was served with
the complaint and the other co-defendant filed a notice
of consent to removal more than 30 days after the
removing defendant was served.  Id.  The Griffioen
court concluded that the notice of removal indicating
consent on behalf of the co-defendants, signed and
certified pursuant to FRCP 11, which was followed by
the notices of consent by the co-defendants,
sufficiently established the co-defendants' consent to
removal.  Id. at 1188.  Like the Proctor court, the

Griffioen court reasoned that "[t]he potential for Rule 11 sanctions and a codefendant's opportunity to alert the court to any falsities in the removing defendant's notice serve as safeguards to prevent removing defendants from making false representations of unanimous consent and forcing codefendants into a federal forum against their will." Id. at 1187.

The facts presented here are again distinguishable. This is not an issue of semantics, but whether CV timely joined in the removal. Unlike the removing defendant in Griffioen, Arlie's representation about CV lacked the affirmation that CV was actually consulted. Arlie merely anticipated CV's lack of objection if and when it was properly served. This distinction is critical. Not only did the removing defendant in Griffioen state that it contacted counsel for the co-defendants, who did not object to removal, it also represented, in a separate certification, that the co-defendants gave consent to removal. Notably, even the removing defendant's representation that its co-defendants consented after

10

consultation was not alone sufficient to meet the
unanimity requirement set forth in § 1446.  The
Griffioen court found the consent to be valid based on
the averment in the notice of removal and the notices
of consent that followed.

Based on the record before it, the Court finds
that the averment in the Notice does not sufficiently
indicate consent on the part of CV because it is
speculative and does not indicate that Arlie's counsel
discussed removal with CV's counsel, much less obtained
consent.  Neither does CV's after-acquired consent
satisfy § 1446(b), as it was untimely.

Defects in removal notices may be cured within
the 30-day period permitted for joinder.  Prize Frize,
167 F.3d at 1266.  This would have required CV to
submit its consent 30 days after Plaintiff served it
with a copy of the Summons and Complaint, which, in
this case, occurred on September 10, 2015.  Arlie did
not file CV's consent until October 23, 2015, well
outside the 30-day period to cure defects.  See, e.g.,
id. (finding removal improper where the unanimity

11

requirement was not satisfied and the defendants did not cure the defect within the 30-day period).  Because Arlie's Notice was defective, and it was not timely cured, the Court recommends that the district court remand the case to state court.  <u>See</u> 28 U.S.C. § 1447(c).

II.  <u>Arlie Cannot Cure its Defect Pursuant to 28 U.S.C. § 1653</u>

Arlie alternatively argues that pursuant to 28 U.S.C. § 1653, CV's consent amended any deficiencies in the Notice.  Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial . . . courts."  28 U.S.C. § 1653; <u>see also</u> <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 858 (9th Cir. 2001).  This section applies to both removed actions and to those initiated in United States district courts.  <u>Barrow Dev. Co. v. Fulton Ins. Co.</u>, 418 F.2d 316, 317 (9th Cir. 1969) (citations omitted).  Ordinarily, "the notice of removal required by Section 1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking

12

removal."   14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Pocket Part by The Late Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman, Federal Practice and Procedure § 3733.   After the 30-day period for seeking removal has passed, however, "the notice may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice."   Id.; ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana, 213 F.3d 1108, 1117 (9th Cir. 2000) ("[A] defendant may amend the Notice of Removal after the thirty day window has closed to correct a defective allegation of jurisdiction."); Barrow, 418 F.2d at 317 (after thirty-day period lapses, the defendant may not amend a notice of removal "to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made").

In this case, the Court finds that Arlie may not avail itself of § 1653 to cure its defective Notice.   CV's belated consent attempts to cure a

13

procedural, not a jurisdictional, defect. The Court declines to construe CV's untimely consent as a proper amendment pursuant to § 1653 when Ninth Circuit precedent clearly establishes that remand is appropriate when defects in removal notices are not cured within the 30-day period prescribed by § 1446. Section 1446's requirements are clear and the case law concerning the unanimity requirement is well developed. Given the Court's obligation to resolve any doubts about the propriety of removal in favor of remanding the case to state court, remand is both appropriate and necessary. <u>Pierce v. Kaiser Found. Hosps.</u>, No. 14-cv-157-H (BGS), 2014 WL 1096221, at *2 (S.D. Cal. Mar. 19, 2014) (declining to permit the defendants to cure the failure to timely obtain the consent of the co-defendant pursuant to § 1653, even though the co-defendant filed a joinder in removal 45 days after the effectuation of service, and remanding the action to state court).

III.    <u>Plaintiff is Not Entitled to Removal Expenses</u>

      Plaintiff requests fees and costs because Arlie

14

lacked an objectively reasonable basis for seeking removal.  It is Plaintiff's position that inasmuch as governing authority requires all defendants to join in or consent to a notice of removal, Arlie's failure to do so was unreasonable.

When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  The Supreme Court has stated that:  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (citations omitted).  The district court retains discretion to determine whether a given case presents unusual circumstances that warrant a departure from this rule.  Id.  The Martin Court also instructed that

> [t]he appropriate test for awarding fees
> under § 1447(c) should recognize the
> desire to deter removals sought for the

15

> purpose of prolonging litigation and
> imposing costs on the opposing party,
> while not undermining Congress' basic
> decision to afford defendants a right to
> remove as a general matter, when the
> statutory criteria are satisfied.

Id.

After a careful review of the record and the applicable law, the Court finds that Plaintiff is not entitled to an award of attorneys' fees and costs under § 1447(c) because Arlie had an objectively reasonable basis for seeking removal. Although the Notice was procedurally defective, §§ 1332 and 1441 provided a basis for removal; that is, the relevant case law did not clearly foreclose Arlie's basis for removal. Moreover, the Notice could have been timely amended to cure the procedural defect following the removal of the action. Accordingly, the Court finds that Plaintiff is not entitled to removal related expenses and recommends that the district court deny Plaintiff's request for fees and costs incurred in securing remand of this case.

16

CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED and that this action be remanded to the Circuit Court of the Third Circuit, State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, December 14, 2015.



Kevin S.C. Chang
United States Magistrate Judge

CV 15-00387 ACK-KSC; PIONEER ASSET INVESTMENT LTD. V. ARLIE & COMPANY, ET AL.; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND ACTION REMOVED FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT, STATE OF HAWAII